# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | NO. 3:19-CR-9 |
| BRUCE EVANS, SR. and BRUCE EVANS, JR., | : | JUDGE A. RICHARD CAPUTO |
| Defendants. | : | ELECTRONICALLY FILED |

## DEFENDANTS BRUCE EVANS JR.'S
## MOTION FOR DISCOVERY AND *BRADY/GIGLIO* MATERIAL

Defendant, Bruce Evans Jr. ("Mr. Evans Jr."), by and through his undersigned counsel, hereby moves, pursuant to Federal Rule of Criminal Procedure 16, the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), for this Honorable Court to order that the Government allow them to inspect, photograph and copy those items within their possession, constructive possession, custody or control as outlined below.

Mr. Evans Jr. states the following in support thereof:

# INTRODUCTION

1. On January 8, 2019, a four-count Indictment was entered against Defendant Bruce Evans, Jr.

2. The Indictment includes (1) one count under 33 U.S.C. § 1319(c)(2)(A) for failure to operate and maintain in violation of a Clean Water Act permit; (2) two counts under 33 U.S.C. § 1319(c)(2)(A) for discharge in violation of a Clean Water Act permit; and (3) one count under 33 U.S.C. § 1319(c)(4) for false statements in violation of the Clean Water Act.

3. On January 17, 2019, Mr. Evans Jr. arraigned and entered a plea of not guilty and was released on their own recognizance.

4. Undersigned entered his appearance on behalf of Mr. Evans, Jr. on January 24, 2019.

5. On January 24, 2019, the Court set a trial date of March 18, 2019 and required that any discovery motion be filed no later than February 4, 2019.

6. Pursuant to motion, the Court subsequently extended these deadlines on February 13, 2019, April 15, 2019, May 23, 2019, July 24, 2019, August 23, 2019; and October 2, 2019.

7. The current deadline to file pre-trial motions, motions under Federal Rule of Criminal Procedure 7(f), and motions under Federal Rule of Criminal Procedure 12(b)(4)(B) is October 16, 2019.

8. On February 26, 2019, the Government produced two hard-drives which cumulatively included 7,865 pages of documents.

9. On March 26, 2019, defense counsel sent two "four-terabyte" hard drives to the FBI for the purpose of producing additional discovery records.

10. Separately, on April 10, 2019, the defense sent two "four-terabyte" hard drives to the U.S. Environmental Protection Agency for the purpose of producing additional discovery records and surveillance videos of the operation of the sewage treatment facility.

11. The Government produced a hard drive on September 9, 2019 which contains official copies of electronic media seized during the search of the Greenfield Township Sewer Authority.

12. As of the filing of this instant motion, the Defendant has not received any further discovery materials.

13. Based on undersigned counsel's independent investigation, it is clear that additional, exculpatory discovery materials exist and should be immediately provided to the defense.

14. Thus, it is requested that the Court order the Government to produce the following discovery for review:

    (a.)   All audio-recorded conversations between Joseph Sheposh and David Klepadlo. Fed. R. Crim. P. 16(a)(1)(D).

    (b.)   All understandings, agreements or grants of favoritism or leniency to Joseph Sheposh by the government. *Giglio v. United States,* 405 U.S. 150, 154 (1972); *United States v. Bagley,* 473 U.S. 667, 683 (1985).

    (c.)   All offers of leniency or favoritism by the Scranton FBI to David Klepadlo in exchange for his cooperation against Bruce Evans Jr. on March 18, 2016. *Wisehart v. Davis,* 408 F.3d 321, 323-24 (7th Cir. 2005).

    (d.)   All notes of all agents executing the search warrant on David Klepadlo's home and office on March 18, 2016. *United States v. Ramos,* 27 F.3d 65, 68 (3d Cir. 1992); *United States v. Pelullo,* 105 F.3d 117, 123 (3d Cir. 1997).

(e.) All interviews of Thomas Randt by the Scranton FBI and federal agents regarding the GTSA and/or Bruce Evans Jr. *Brady v. Maryland*, 373 U.S. 83 (1963).

(f.) Criminal records of Joseph Sheposh and any other government witness. *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991).

(g.) Statements and summaries of statements take by the FBI and other federal investigators who were told by witnesses any of the following: (1) Bruce Evans Jr. is an honest person; (2) Bruce Evans Jr. did not accept things of value in order to accept waste or discharge at the GTSA; (3) Bruce Evans Jr. did not know Joseph Sheposh was falsifying taking samples and, thereby, obtaining false laboratory results; (4) Bruce Evans Jr. did not engage in any criminal activity; (5) members of the GTSA authorized purchases the federal government claims were unauthorized; (6) Bruce Evans Jr. was not involved in the operation of the GTSA. *Brady*, 373 U.S. at 87.

(h.) Inconsistent statements by Joseph Sheposh, members of the GTSA and other government witnesses. *Kyles v. Whitley*, 514 U.S. 419 (1995).

(i.) Any evidence that any of the government witnesses are drug abusers. *Benn v. Lambert*, 283 F.3d 1040, 1054-60 (9th Cir. 2002).

(j.) All evidence sowing Bruce Evans Jr. was not an operator of the GTSA.

(k.) All evidence that Bruce Evans Jr. was never hired by the GTSA to work as an operator.

(l.) All evidence showing that D.E.P. recommenced Edward Gillete Jr. to become the operator of the GTSA.

WHEREFORE, based upon the arguments above and as more fully explained within the accompanying supporting Memorandum of Law, it is requested that the Court require the Government to allow Mr. Evans Jr. to inspect, photograph and copy those items within their possession, constructive possession, custody or control outlined above, or, to the extent the Government questions the

exculpatory nature of the evidence, produce to the Court for *in camera* inspection those items.

                                           Respectfully submitted,

                                           /s/ Walter F. Casper
                                           Walter F. Casper
                                           Attorney for Defendant,
                                           Bruce Evans, Jr.

35 S. Church Street
P.O. Box 513
Carbondale, PA  18407


Date:   October 16, 2019

## CERTIFICATE OF NON-CONCURRENCE

I, Walter F. Casper, hereby certify that I sought the concurrence of Assistant United States Attorney Olshefski in this Motion. Ms. Olshefski does not concur in this motion.

/s/ Walter F. Casper
Walter F. Casper

Date: October 16, 2019

# CERTIFICATE OF SERVICE

I, Walter F. Casper, hereby certify that a true and correct copy of the foregoing Motion to Compel Production of Discovery and <u>Brady</u> Evidence was served upon the following counsel of record via electronic mail on this 16th day of October, 2019:

>Michelle L. Olshefski
>US Attorney's Office
>P.O. Box 309
>235 North Washington Avenue
>Scranton, PA 18501
>
>Patrick A. Casey
>Myers, Brier & Kelly, LLP
>425 Spruce Street, Suite 200
>Scranton, PA 18503

>/s/ Walter F. Casper
>Walter F. Casper

Date: October 16, 2019