IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:19-CR-9 |
| | : | |
| BRUCE EVANS, SR. and | : | JUDGE A. RICHARD CAPUTO |
| BRUCE EVANS, JR. | : | |
| | : | ELECTRONICALLY FILED |

---

**DEFENDANT BRUCE EVANS JR.'S, MOTION TO DISMISS
THE INDICTMENT OR, IN THE ALTERNATIVE,
MOTION FOR A BILL OF PARTICULARS**

---

Defendant Bruce Evans Jr., by and through his undersigned counsel, hereby moves this Honorable Court to dismiss Counts 2 through 4 of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) or, in the alternative, for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) for the reasons as outlined below.

Mr. Evans Jr. states the following in support thereof:

Case 3:19-cr-00009-ARC   Document 48   Filed 10/16/19   Page 2 of 12

## **INTRODUCTION**

1.　On January 8, 2019, a four-count Indictment was entered against Defendant Bruce Evans Jr.

2.　The Indictment includes: (1) one count under 33 U.S.C. § 1319(c)(2)(A) for failure to operate and maintain in violation of a Clean Water Act permit; (2) two counts under 33 U.S.C. § 1319(c)(2)(A) for discharge in violation of a Clean Water Act permit; and (3) one count under 33 U.S.C. § 1319(c)(4) of false statements.

3.　On January 17, 2019, Mr. Evans Jr. was arraigned and entered a plea of not guilty and was released on his own recognizance.

4.　Undersigned counsel entered his appearance on behalf of Mr. Evans Sr. on January 24, 2019.

5.　On January 24, 2019, the Court set a trial date of March 18, 2019 and required that pretrial motions be filed no later than February 4, 2019.

6.　Pursuant to motion, the Court subsequently extended these deadlines on February 13, 2019, April 15, 2019, May 23, 2019, July 24, 2019, August 23, 2019 and October 2, 2019.

2

7. The current deadline to file discovery motions, motions under Federal Rule of Criminal Procedure 7(f), and motions under Federal Rule of Criminal Procedure 12(b)(4)(B) is October 16, 2019.

8. Mr. Evans Jr. now moves for dismissal of Counts 2 through 4 of the Indictment, or, in the alternative, for a bill of particulars for the following reasons.

## LAW

9. Federal Rule of Criminal Procedure 7(c) requires an indictment to "be a plain, concise, and definite written statement of the essential facts charged."

10. An Indictment is sufficient if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Willis*, 844 F.3d 155, 161 (3d Cir. 2016) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)).

11. Federal Rule of Criminal Procedure 12(b)(3)(B)(v) authorizes a defendant to lodge a pretrial challenge for "failure to state an offense" when the Indictment fails to meet this standard of sufficiency.

12. A defendant may proceed with such a challenge in two ways: (1) that "an indictment is insufficient on the basis that it does not satisfy the first requirement in that it fails to charge an essential element of the crime," *Rankin*, 844 F.3d at 500 (quoting *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013)), or (2) "that an indictment fails to state an offense on the basis that 'the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id.* (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002), *abrogated on other grounds as recognized in United States v. Wright*, 665 F.3d 560, 567 (3d Cir. 2012)) (internal citations omitted).

13. Finally, "[i]n considering a defense motion to dismiss an indictment, the district court [must] accept[ ] as true the factual allegations set forth in the indictment." *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (quoting *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990)) (alterations in original).

14. Alternatively, Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars."

15. The purpose of a bill of particulars is to "inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during trial, and to protect him against a second prosecution for an

inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1974).

16. The United States Court of Appeals has explained that a motion for a bill of particulars should be granted "whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).

17. The decision to grant a bill of particulars "lie[s] within the discretion of the trial court." *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975).

## ARGUMENT

### I. Counts 2 Through 4 of the Indictment Should Be Dismissed Because the Indictment Fails To Allege Essential Elements of the Crimes Charged.

18. In Counts 2 through 4, the Government charges Mr. Evans Jr. with four violations of 33 U.S.C. § 1319(c)(2)(A) stemming from conduct on or about October 17, 2017, December 12, 2017, and December 12, 2017, respectively.

19. As previously noted, to establish a violation of Section 1319(c)(2)(A), the Government must allege and prove beyond a reasonable doubt that Mr. Evans Sr. knowingly (1) discharged, (2) a pollutant, (3) from a point source, (4) into the

navigable waters of the United States, (5) without a permit to do so, or in violation of an existing NPDES permit. *See United States v. Wilson*, 133 F.3d 251, 264 (4th Cir. 1997); *United States v. Ahmad*, 101 F.3d 386, 389 (5th Cir. 1997).

20.   Count 2 charges Mr. Evans Jr. with "knowingly violat[ing] permit conditions by failing to properly supervise, operate and maintain the GTSA treatment facility by knowingly allowing waste materials, including paper and/or plastic, partially treated sewage and sewage solids, and Sphaerotilus (sewage fungus) to not be properly treated and to accumulate below the outfall of the sewage treatment plant in the unnamed tributary, in violation of NPDES Permit PA 0061671 Sections A.C.1 and B.D.2."

21.   Count 3 charges Mr. Evans Jr. with "knowingly violat[ing] and caus[ing] the violation of a condition of the GTSA permit . . . that is, the defendants knowingly discharged pollutants, that is, CBOD 5 and Total Suspended Solids, in excess of the NPDES permit limits for those pollutants . . . in violation of NPDES Permit PA 0061671 Section A.I."

22.   Finally, Count 4 charges Mr. Evans Jr. with "knowingly violat[ing] and causing the violation of a condition of the GTSA permit . . . that is, the defendants knowingly discharged a pollutant, that is, fecal Coliform, into the

unnamed tributary to Dundaff Creek, in violation of NPDES Permit PA 0061671, Section A.C.I."

23.     The allegations in these counts do not adequately make out the elements of knowing CWA offenses.

24.     Indeed, while Mr. Evans Jr. served as a laborer for the Greenfield Township Sewer Authority.

25.     At all times relevant to these events Joseph Sheposh, David Klepadlo and/or Edward L. Gillete Jr. were the operators of the GTSA. Mr. Evans Jr. was never the operator. It is noteworthy that the prosecution in paragraph 5 of the Indictment asserted that Mr. Evans Jr. became certified as a wastewater operator; however, the government nowhere in the Indictment asserts that Mr. Evans Jr. was an operator of the Greenfield Township Sewer Authority.

26.     The Indictment at Counts 2 through 4 therefore does not, and cannot, allege essential elements of criminality under Section 1319(c)(2)(A)—(1) that Mr. Evans Jr. knew that pumping partially treated contents of chlorine contact tank onto the ground and into the grass would be a violation of the NPDES permit as alleged at Count 2 had occurred; or that Mr. Evans Jr. knew the identity of the pollutants alleged to have been discharged at Counts 3 through 4, the conditions of

the NPDES permit, or that such discharges would be a violation of same. *Wilson*, 133 F.3d at 264; *Atlantic States Cast Iron Pipe Co.*, 2007 WL 2282514, at *39.

27.   Moreover, while Paragraphs 1 through 25 of the Indictment—the background section—are incorporated by reference into Counts 2 through 4, they fail to allege if and how Mr. Evans Jr. knew both the substances inhering in any discharge and that the discharge violated the conditions of the NPDES permit.

WHEREFORE, based on the foregoing and for the reasons more fully stated in the accompanying memorandum of law, Defendant Bruce Evans Jr. respectfully requests that this Honorable Court dismiss Counts 2 through 4 of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

**II.   Counts 2 through 4 of the Indictment Fail To Provide Factual or Legal Information Sufficient for Mr. Evans Jr. To Prepare His Defense and a Bill of Particulars Should Be Issued.**

28.   In the event the Court declines to dismiss Counts 2 through 4 on the basis advanced above, Mr. Evans Jr. seeks a bill of particulars on Counts 2 through 4 pursuant to Federal Rule of Civil Procedure 7(f).

29.   As outlined above, a bill of particulars is appropriate when the Indictment's failure to provide factual or legal information "significantly impairs

the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).

30. Here, given Mr. Evans Jr.'s limited role at the GTSA sewage treatment plant and his lacking as an operator of same, the lack of factual information concerning his knowledge as to the pollutants at issue in Counts 2 through 4 and conditions of the NPDES permit leaves Mr. Evans Sr. unable to prepare his defense.

31. Mr. Evans Jr. therefore requests that this Court order the prosecution to file a bill of particulars describing the offenses contained in Counts 2 through 4. Specifically, for each alleged offense, the Government should provide:

(a) how Mr. Evans Jr., as a non-operator, knew the GTSA plant had discharged (or, on October 17. 2017, was discharging) the materials listed in Count 2, or, as to Counts 3 and 4, how Mr. Evans Jr. knew what the terms and limits for CBOD5, Total Suspended Solids, and fecal coliform limits were in relation to discharges from the plant; and

(b) how Mr. Evans Jr., as a non-operator, knew that the terms of the NPDES permit, including those setting requirements for the handling of the presence of the materials alleged in the outfall at Count 2, and the limits imposed

by the permit for CBOD5, Total Suspended Solids, and fecal coliform at Counts 3 and 4, were violated by these discharges.

      (c)    how Mr. Evans Jr. knew anything about the NPDES permit terms.

WHEREFORE, based on the foregoing and the accompanying memorandum of law, Defendant Bruce Evans Jr. respectfully requests that the Government be compelled to furnish the requested particulars forthwith.

                                Respectfully submitted,

                                /s/ Walter F. Casper Jr.
                                Walter F. Casper Jr.
                                Attorney for Defendant,
                                Bruce Evans, Jr.

35 S. Church Street
P.O. Box 513
Carbondale, PA  18407

Date:  October 16, 2019

## CERTIFICATE OF NON-CONCURRENCE

I, Walter F. Casper Jr., hereby certify that Ms. Olshefski does not concur in this motion.

/s/ Walter F. Casper Jr.
Walter F. Casper Jr.

Date:  October 16, 2019

## CERTIFICATE OF SERVICE

I, Walter F. Casper Jr., hereby certify that a true and correct copy of the foregoing Motion to Dismiss the Indictment or Motion for a Bill of Particulars was served upon the following counsel of record via the Court's ECF system on this 16th day of October, 2019:

>Michelle L. Olshefski, Esquire
>US Attorney's Office
>P.O. Box 309
>235 North Washington Avenue
>Scranton, PA 18501
>
>Patrick A. Casey, Esquire
>Myers, Brier & Kelly, LLP
>425 Spruce Street, Suite 200
>Scranton, PA  18503

>/s/ Walter F. Casper Jr.
>Walter F. Casper Jr.

Date:  October 16, 2019